**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE M. BARRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25CV15 HEA** |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Commissioner of the Social Security Administration, denying the application of Jacqueline M. Barron, ("Plaintiff") for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401-434. Section 405(g) of Title 42 provides for judicial review of the SSA Commissioner's "final decision." After the Administrative Law Judge ("ALJ") concluded Plaintiff was not disabled under the Act, the Appeals Council denied Plaintiff's request for review, thus, the ALJ's decision stands as the Commissioner's final decision.

Plaintiff's claim was denied initially and on reconsideration (Tr. 92-96, 98-102). On December 26, 2023, following a telephonic hearing, the ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 14-24).

The ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease, palpitations, obesity, posttraumatic stress disorder, anxiety disorder, depressive disorder, and attention deficit hyperactivity disorder (Tr. 16). The ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 17).

A summary of the record is presented in the parties' briefs and is repeated here only to the extent necessary. For the following reasons, the Court will reverse and remand.

### Standard of Review and Legal Framework

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

2

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment. *Id.* at §§ 404.1520(a)–(d). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5. *Id.* at § 416.920(e). At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545. The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(f). If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.* If the ALJ finds at Step 4 that a claimant cannot return to past relevant work, the burden shifts at Step 5 to

the Administration to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.* at § 404.1520(g).

The Court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it. *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision). The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts

4

should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 16). At Step 2, the ALJ found Plaintiff had severe impairments of lumbar degenerative disc disease, palpitations, obesity, posttraumatic stress disorder, anxiety disorder, depressive disorder, and attention deficit hyperactivity disorder (20 CFR 404.1520(c)) (Tr. 16). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 17-18). The ALJ found Plaintiff had the RFC to perform medium work as defined in 20 CFR 404.1567(c) except she can perform simple, routine tasks and perform simple work-related decisions. She can have occasional interactions with supervisors, coworkers, and the general public. The claimant can tolerate few

5

changes in a routine work setting. (Tr. 18-22). At Step 4, the ALJ found Plaintiff could not return to her past relevant work as a retail manager, licensed practical nurse, or cleaner, commercial or institutional. (Tr. 22). At Step 5, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there were jobs in the national economy that Plaintiff can perform, despite her physical limitations, such as hand packer, housekeeper-laundry aide, and cleaner. (Tr. 23). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 24).

## Discussion

Plaintiff contends that the ALJ's finding is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of Carol McCleary, Psy.D., For claims filed on or after March 27, 2017, an ALJ evaluates medical opinions and prior administrative medical findings pursuant to 20 C.F.R. § 404.1520c. These rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ is to evaluate the persuasiveness of all of the medical opinions and prior administrative medical findings in a claimant's case record by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and

6

nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520c(a), (c). The most important factors for an ALJ to consider are supportability and consistency, and the ALJ must "explain how he considered the supportability and consistency factors...in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2).

With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medial finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In articulating how he considered the supportability factor, an ALJ may properly consider that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, or that the physician did or did not provide a detailed explanation for the opinion. *Starman v. Kijakazi*, 2:20-cv-0035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (collecting cases). Consistency, on the other hand, relates to the medical opinion's congruity with the findings and opinions of other sources in the record. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion...is with the evidence

7

from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion...will be.").

"The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed." *Svendsen v. Kijakazi*, 1:21-cv-1029-CBK, 2022 WL 2753163, at *8 (D.S.D. July 14, 2022) (citing *Goss v. Kijakazi*, 4:21-cv-0663-LPR-JJV, 2022 WL 1511521, at *3 (E.D. Ark. May 12, 2022)). In addition, these regulations require "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions. *Osmanovic v. Bisignano*, 4:24-cv-0679-NCC, 2025 WL 2771473, at *3 (E.D. Mo. Sept. 29, 2025) (quoting *Hirner v. Saul*, 2:21-cv-0038-SRW, 2022 WL 3153720, at *9 (E.D. Mo. Aug. 8, 2022)). An ALJ's failure to properly address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion can require reversal. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam); *see also Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) ("The failure to comply with SSA regulations is more than a drafting issue, it is legal error."); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (finding, in the context of an ALJ's assessment of medical opinions, "reversal is required because the agency failed to follow its own procedural regulation").

8

Plaintiff challenges the ALJ's analysis of Dr McCleary's medical opinions. The ALJ found the opinion partially persuasive, finding Dr. McCleary's mild and moderate impairments persuasive, but not her marked impairment. The ALJ evaluated Dr. McCleary's opinion:

> The undersigned finds the assessment of Dr. McCleary persuasive in part because it was based on exam findings and Dr. McCleary's assessment was partially consistent with the evidence. However, her own examination was unremarkable and the claimant had largely stable mental health findings during the relevant period, which is inconsistent with any marked mental Limitations

(T. 21-22)

The ALJ does not explain why he considered the mild and moderate impairments, but failed to address the reasoning for finding the marked impairment findings unpersuasive. The ALJ's "sprinkling of the words 'supports' and 'consistent' in his discussion of the opinion is insufficient to satisfy the Regulations' requirement that the ALJ 'explain' how he considered these factors in determining the persuasiveness of a medical opinion." *Johnson v. Kijakazi*, No. 4:21-CV-1213-JTR, 2022 WL 16921706, at *3 (E.D. Ark. Nov. 14, 2022); see also *Guess v. Kijakazi*, No. 4:20-CV-887-JTR, 2021 WL 5983193, at *3–4 (E.D. Ark. Dec. 17, 2021); *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (the ALJ errs when he does not discuss both prongs). The ALJ's supportability discussion was limited and conclusory, stating only that "Dr. McCleary's assessment was partially consistent with the evidence. However, her own examination was

9

unremarkable and the claimant had largely stable mental health findings during the relevant period, which is inconsistent with any marked mental limitations. Thus, the Court agrees with Plaintiff that reversal and remand is proper so that the ALJ can provide a more fulsome explanation, as required by agency regulations, that will allow a reviewing court to make a "meaningful assessment" of these opinions' persuasiveness. *See Osmanovic*, 2025 WL 2771473, at *3.

"An ALJ is not required to explain all the evidence in the record...[but] this does not give an ALJ the opportunity to pick and choose only evidence in the record buttressing his conclusion." *Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019); *see Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (per curiam) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." (citing *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984))).

## Conclusion

For the foregoing reasons, the Court finds that the ALJ's determination is not supported by substantial evidence on the record as a whole. The Court remands the case so that the ALJ can reevaluate the persuasiveness of the medical opinion of Dr. McCleary as described above. On remand, the ALJ is, of course, free to reach the same conclusions provided they are properly explained.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate Judgment shall accompany this Opinion, Memorandum, and Order.

Dated this 30th day of March,  2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE